IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ART KNAUER, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:CV-07-0046 |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| FARMERS INSURANCE CO., | : | |
| Defendant. | : | |

## MEMORANDUM

Before me is Motion of Plaintiff, Art Knauer, to Remand the Within Matter to the Court of Common Pleas of Lackawanna County Pursuant to 28 U.S.C. Section 1447. (Doc. 6.)

This is a claim for bad faith against the Defendant. It is alleged to arise under 42 Pa.C.S.A. § 8371, which, of course, is the Pennsylvania Bad Faith statute. The Plaintiff alleges a myriad of activity which he alleges constitutes the details of the bad faith claim. What is interesting about this case is that there has been an arbitration award to the Plaintiff in the amount of $360,000.00, and this sum has been paid to the Plaintiff. Therefore, all that remains is the bad faith claim.

## DISCUSSION

This motion is based on the allegation that the amount in controversy, $75, 000.00, is not satisfied in the complaint.

Federal Courts are courts of limited jurisdiction, and "in order to carry out the congressional intent to limit jurisdiction and diversity cases, doubts must be resolved in favor of remand". *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004). Moreover, the burden is upon the defendant/removing party to establish

federal jurisdiction by a preponderance of the evidence. *Id*. at 398.

Here there is no basis for determining a discreet amount of punitive damages regarding this claim under 42 Pa.C.S.A. § 8371, and as Judge Nealon observed in *Casey v. Nationwide Mutual Ins. Co.*, Civil No. 3:02-1324, (M.D. Pa. 2002), a naked claim for punitive damages, which this case presents, is not computable for purposes of determining the amount in controversy." *Id.*, p.4. Interestingly, the *Casey* case involved an arbitration award of $625,000.00, which is almost double the amount awarded here by the panel of arbitrators. Moreover, even though this case does not present the circumstances that existed in *Hulse v. State Farm Mut. Auto. Ins. Co.*, Civil 3:06-1080 (M.D. Pa. 2006), *Hulse* supports remand.  In that case, the compensatory damages were not discernable from the pleadings, and therefore it was not possible to conclude that compensatory and punitive damages exceeded $75,000.00. *Id.* An analysis of the potential amount of punitive damages was therefore not possible under *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 at 425 (2003)("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.") Here, the punitive damage claim stands alone unrelated to compensatory damages, but rather is a statutory right under Pennsylvania statute which allows specific punitive damages for bad faith. There is no suggested relationship between the amount awarded and the amount of punitive damages since the purpose of the statute is to punish bad faith, not to punish the tortfeasor for wanton and reckless misconduct.  Therefore, it is not possible to conclude from the pleadings that punitive damages under 42 Pa. C.S.A. § 8371 will exceed $75,000.00.

Moreover, the Defendant has provided no satisfactory suggestion that the punitive damages in this case will exceed the $75,000.00 jurisdictional limit.

Therefore, the motion will be granted, and the case will be remanded to the Lackawanna County Court of Common Pleas.

An appropriate Order follows.


Date: February 28, 2007        /s/ A. Richard Caputo
                               A. Richard Caputo
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ART KNAUER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:CV-07-0046 |
| | : | |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| FARMERS INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**NOW,** this 28th day of February, 2007, IT IS HEREBY ORDERED that :

1. The Motion of Plaintiff, Art Knauer, to Remand the Within Matter to the Court of Common Pleas of Lackawanna County Pursuant to 28 U.S.C. Section 1447 (Doc. 6) is **GRANTED**.

2. The Clerk of Court is directed to remand this case to the Court of Common Pleas of Lackawanna County.

3. The Clerk of Court is directed to mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge